# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CYNTHIA NELSON,

Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, UNIVERSITY OF COLORADO HOSPITAL AUTHORITY, and UNIVERSITY OF COLORADO HOSPITAL AUTHORITY LONG TERM DISABILITY PLAN,

Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, defendant Hartford Life and Accident Insurance Company ("Hartford") submits this notice of removal based on diversity jurisdiction for the purpose of removing the above-entitled action from the District Court for Adams County, Colorado to the United States District Court for the District of Colorado, and states as follows in support of this removal:

1. Plaintiff Cynthia Nelson ("Nelson") is an individual, who is a resident of State of Colorado. *See* complaint at ¶ 1, a copy of which Hartford has attached as Exhibit A.

2. Hartford is a Connecticut corporation with its principal place of business in Connecticut. Exhibit A at ¶ 2; *see also* affidavit of Adam J. Garcia at ¶ 3, which Hartford has attached as Exhibit B.

3. Hartford first received notice of this action on May 31, 2018 when Nelson served the summons and the complaint on the Colorado Division of Insurance. *See* summons and notice of service, a copy of which Hartford has attached as Exhibit C.

4. The University of Colorado Hospital Authority ("UCHA") first received notice of this action on June 4, 2018 when Nelson served the summons and complaint on UCHA. *See* summons and notice of service, a copy of which Hartford has attached as Exhibit D.

5. The University of Colorado Hospital Authority Long Term Disability Plan ("Plan") first received notice of this action on June 4, 2018 when Nelson served the summons and complaint on UCHA. *See* summons and notice of service, a copy of which Hartford has attached as Exhibit E.

6. Upon inquiry by Hartford's counsel, no further state court proceedings have occurred or are scheduled in this matter.

**Diversity of Citizenship Exists.**

7. Hartford is the claim administrator and the funder of the long term disability ("LTD") benefits at issue in this case under the Plan. Exhibit B at ¶ 4.

8. Hartford issued Group Policy No. GLT 206639 ("Policy") to UCHA in order to fund the LTD benefits available to eligible participants in the Plan. Exhibit A at ¶¶ 10; 15-16 and "Exhibit 1;" Exhibit B at ¶ 4; *see also* affidavit of Shannon Bryant, the Benefits Director of UCHA, at ¶ 7, a copy of which Hartford has attached as Exhibit F.

9. UCHA delegated full responsibility and discretion to Hartford to determine claims for LTD benefits under the Plan and the Policy. Exhibit A at ¶ 14; Exhibit B at ¶ 5; Exhibit F at ¶¶ 5-6.

10. Hartford administered and made all determinations regarding Nelson's claims for LTD benefits under the Plan and the Policy. Exhibit A at ¶¶ 14; 17; 51-65; Exhibit B at ¶ 6; Exhibit F at ¶¶ 5-6.

11. Neither UCHA nor the Plan participated in any way in the determination of Nelson's claim for LTD benefits under the Plan and the Policy. Exhibit A at ¶¶ 14; 17; 51-65; Exhibit B at ¶ 7; Exhibit F at ¶¶ 5-6.

12. Hartford is the party solely responsible for the payment of any settlement or judgment in this case relating to Nelson's claims for relief. Exhibit A at ¶¶ 10-11; 15-16; 24; 76 and "Exhibit 1" at pp. 14 ("We will pay You a Monthly Benefit …."); 19 ("When We determine that You: 1) are Disabled; and 2) eligible to receive benefits; We will pay accrued benefits …."); 25 (defining "We" as the "insurance company named on the face of The Policy."); Exhibit B at ¶ 8; Exhibit F at ¶¶ 8-9.

13. Hartford is a defendant in a civil action that Nelson filed in the District Court for Adams County, Colorado, entitled *Cynthia Nelson v. Hartford Life & Acc. Ins. Co., et al.,* No. 2018CV30933. Exhibit A.

14. Even though UCHA and the Plan neither participated in the administration of Nelson's claim for LTD benefits nor have any liability for the insurance claims at issue, Nelson named UCHA and the Plan as defendants.

15. Nelson's own allegations establish that UCHA and the Plan have no liability for the claims at issue, and are not proper defendants.

16. Nelson has alleged that "Hartford makes all determinations regarding claimants' eligibility for LTD benefits under the LTD Policy." Exhibit A at ¶ 14.

17. Nelson has alleged that "Hartford, as the insurer and underwriter of the LTD Policy, must pay benefits to a Plan participant consistent with the terms of the LTD Policy." Exhibit A at ¶ 15.

18. Nelson has alleged that "Hartford must pay from its own funds all benefits owed to the Plan participant." Exhibit A at ¶ 16.

19. Nelson's allegations and the terms of the Policy, which Nelson attached as "Exhibit 1" to her complaint, clearly show that Hartford alone was responsible for the LTD benefits claim determination at issue in this case. Exhibit A at ¶¶ 10-16; 24-25; 47-82; and "Exhibit 1" at pp. 14, 19, and 25.

20. Nelson has identified Hartford as the only entity responsible for the alleged acts and omissions for which she is seeking relief. Exhibit A at ¶¶ 14; 17-19; 51-82.

21. In her allegations about the location of the alleged breach of contract, Nelson referred only to Hartford. Exhibit A at ¶ 19 ("Hartford's breaches of both the LTD Policy and the duties it owed to Ms. Nelson occurred in the State of Colorado.").

22. In her breach of contract claim, Nelson refers generically to a "breach" of the Plan, but does not identify any specific acts of UCHA or the Plan constituting the alleged breach. Exhibit A at ¶¶ 84-89.

23. Moreover, in her breach of contract claim, Nelson identifies the contract damages as the "LTD benefits," which are the benefits payable by Hartford alone under the Policy, not the Plan. Exhibit A at ¶¶ 10-11; 15-16; 24; 76 and "Exhibit 1" at pp. 14; 19; and 25; Exhibit B at ¶ 8; Exhibit F at ¶¶ 8-9.

24. In addition to the allegations of the complaint, Hartford has submitted evidence through two affidavits in support of this notice of removal.

25. The affidavit of Adam J. Garcia of Hartford shows that Hartford is the only proper defendant in this case regarding insurance benefits. Exhibit B at ¶¶ 4-8.

26. The affidavit of Shannon Bryant, the Benefits Director of UCHA, provides further evidence establishing that (i) Hartford was solely responsible for the determination of Nelson's eligibility for LTD benefits, (ii) UCHA did not participate in the review and determination of Nelson's LTD claim, (iii) the Policy funds the LTD benefits at issue, and (iv) UCHA is not responsible for the payment of the LTD benefits at issue. Exhibit F at ¶¶ 5-9, which Hartford has attached as Exhibit F.

27. Hartford bears the burden to show that diversity of citizenship exists in order to remove this case.

28. The Tenth Circuit has held that:

> Fraudulent joinder need not involve actual fraud in the technical sense. Instead, it can occur when the plaintiff joins a 'resident defendant against whom no cause of action is stated' in order to prevent removal under a federal court's diversity jurisdiction. *Dodd v. Fawcett Pubs., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). When this occurs, the district court disregards the fraudulently joined non-diverse party for removal purposes. In addition, 'the citizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.' *Lenon v. St Paul Mercury, Ins. Co*., 136 F.3d 1365, 1369 (10th Cir. 1998).

*Anderson v. Lehman Bros. Bank, FSB*, 528 Fed. Appx. 793, 795 (10th Cir. 2013) (unpublished); *see also Lowell Staats Mining Co. v. Philadelphia Elec. Co*., 651 F. Supp. 1364, 1365-67 (D Colo. 1987).

29. Based on the allegations in the complaint, the terms of the Policy, which Nelson attached as "Exhibit 1" to her complaint, the affidavit of Adam J. Garcia of Hartford, and the

affidavit of Shannon Bryant of UCHA, Hartford has met its burden to show that Nelson has fraudulently joined UCHA and the Plan as defendants in this case.

30. Since UCHA and the Plan are not real or substantial parties to this action, the Court should "disregard[] the fraudulently joined non-diverse party for removal purposes," and find that diversity of citizenship exists in this case based on the citizenship of the real parties to the dispute—Nelson and Hartford. *Anderson*, 528 F. App'x at 795.

31. Hartford and UCHA have separately asked Nelson to dismiss voluntarily her claims against UCHA and the Plan based on the evidence set forth in this notice, but, to date, Nelson has refused to dismiss UCHA and the Plan.

**The Alleged Damages Exceed the Diversity Jurisdiction Amount.**

32. Nelson contends that Hartford improperly decided to end the payment of LTD benefits to her under the Plan. Exhibit A, ¶¶ 66-82.

33. Nelson has asserted claims for relief based on breach of contract, bad faith breach of contract, and violation of Colo. Rev. Stat. § 10-3-1115 and Colo. Rev. Stat. § 10-3-1116. Exhibit A, ¶¶ 83-102.

34. Nelson is seeking, among other things, the award of "payment of all LTD benefits due under the LTD Pland [sic] and LTD Policy," "compensatory, economic, noneconomic, and special, damages in amounts to be proven at trial," "two times the covered insurance benefit, pursuant to C.R.S. § 10-3-1116." Exhibit A at p. 13 (Prayer for Relief).

35. The gross monthly LTD benefit at issue in this case is $3,213.10. Exhibit B at ¶ 10.

36. The amount of allegedly past due LTD benefits at issue through June 8, 2018 is $39,628.17. Exhibit B at ¶ 13.

37. The total amount of the future discounted LTD benefits at issue for the maximum duration of LTD benefits allowed under the Policy is $334,220.72 (present value discount rate of 3%). Exhibit B at ¶ 14.

38. Based on the amount of allegedly past due LTD benefits as of June 8, 2018, the amount of the statutory penalty that Nelson seeks under Colo. Rev. Stat. § 10-3-1116 as of June 8, 2018 is $79,256.34.

39. The total value of Nelson's claim under Colo. Rev. Stat. § 10-3-1116 as of June 8, 2018 is $118,884.51 without including her claim for the award of attorneys' fees under the statute.

40. In addition to her allegations in the complaint, Nelson's state court civil cover sheet also indicates that she is seeking a monetary judgment over $100,000. *See* copy of state court civil case cover sheet at ¶ 2 on p. 1, which Hartford has attached as Exhibit G.

41. Although a statement in a state court civil cover sheet standing alone is not sufficient to establish the diversity jurisdiction amount, "the estimate of the plaintiff in the state court civil cover sheet is additional probative evidence which tends to show that it is possible that at least 75,000 dollars is at issue in this case." *Shackelford v. United States Beef Corp.*, No. 14-cv-01856-MJW, 2015 WL 996384 at *2 (D. Colo. Mar. 3, 2015).

42. The Court will consider the maximum limit of the insurer's liability under the Plan at issue in assessing the amount in controversy for jurisdictional purposes. *State Farm Mut. Auto. Ins. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998); *see also Terra Nova Ins., Ltd. v. Fort Bridger Historical Rendezvous Site, Corp.*, 151 F. App'x 678, 680 (10th Cir. 2005)(unpublished).

43. Based on the amount of LTD benefits at issue, the alleged extra-contractual damages, the statutory award of double damages and attorney fees under Colo. Rev. Stat. § 10-3-1116(1), and the evidence of Nelson's representation about the amount of damages at issue in the state court civil cover sheet, Hartford has met its burden to show that the damages at issue exceed the diversity jurisdictional amount of $75,000.

**This Case Is Properly Removable.**

44. Based on the foregoing, this action is properly removable pursuant to 28 U.S.C. § 1441(a), because it is a suit over which the United States District Court for the District of Colorado would have original diversity jurisdiction pursuant to 28 U.S.C. § 1332.

45. Venue is proper before United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2).

46. Counsel for Hartford has conferred with counsel for UCHA and the Plan, Matthew J. Hegarty, who has not yet entered his appearance, and UCHA and the Plan join in this removal subject to the reservations of all of their defenses.

47. In compliance with D.C.COLO.LCivR 81.1(a), Hartford will file with the Clerk of this Court a copy of the current docket sheet from the state court action within fourteen (14) calendar days after filing this notice of removal.

48. Hartford will serve and certify service of copies of this Notice of Removal to Nelson as required by 28 U.S.C. § 1446(d).

49. Hartford will file a copy of this Notice of Removal with the Clerk of the District of Adams County, Colorado pursuant to 28 U.S.C. § 1446(d). *See* copy of state court notice of removal, a copy of which Hartford has attached as Exhibit H.

THEREFORE, defendant Hartford Life and Accident Insurance Company requests that the above-referenced action pending against it in District Court for Adams County, Colorado be removed to this Court, and requests that this Court enter such further orders as may be necessary and proper.

DATED this 21st day of June, 2018.

          Respectfully submitted,

          *s/Jack M. Englert, Jr.*
          Jack M. Englert, Jr.
          HOLLAND & HART LLP
          6380 S. Fiddler's Green Circle, Suite 500
          Greenwood Village, CO 80111
          303-290-1087
          jenglert@hollandhart.com

          **ATTORNEYS FOR DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

-10-

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2018 a copy of the foregoing Notice of Removal was sent via electronic mail to the following:

>Shawn E. McDermott, Esq.
>Timothy M. Garvey, Esq.
>MCDERMOTT LAW, LLC
>4600 S. Ulster Street, Suite 800
>Denver, CO  80237
>shawn@mcdermottlaw.net
>tim@mcdermottlaw.net

>*s/Jack M. Englert, Jr.*
>Jack M. Englert, Jr.
>HOLLAND & HART LLP
>6380 S. Fiddler's Green Circle, Suite 500
>Greenwood Village, CO 80111
>303-290-1087
>jenglert@hollandhart.com

11067119_1